## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ERIC SEYMOUR WILLIAMS,**

      **Plaintiff,**

**vs.**                            **Case No. 4:06cv434-WS/WCS**

**NANCY DANIELS,**
**LILJA DANDELAKE,**
**and PAULA WATKINS,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate proceeding *pro se*, was granted leave to proceed *in forma pauperis* and assessed an initial partial filing fee.  Doc. 5.  That fee has been received.  Doc. 6.  Therefore, Plaintiff's civil rights complaint, filed under 42 U.S.C. § 1983, doc. 1, has been reviewed as is required by 28 U.S.C. § 1915A.

      Plaintiff names three Defendants in this case: Nancy Daniels, the Public Defender for the Second Judicial Circuit, Lilja Dandelake, who appears to be an attorney in the law office of Frank Sheffield, and Paula Watkins, who is alleged to be the Court Administrator for the Leon County Circuit Court.  Doc. 1.  Plaintiff's allegations are brief and conclusory, and Plaintiff provides no facts to support any claim against the

Defendants.  What Plaintiff does allege, however, is that he was taken into custody on January 26, 2006, and he believes that he has not been receiving effective assistance of legal counsel.  Plaintiff contends that the Defendants have denied him the right to counsel.  *Id.*  Plaintiff seeks a court order permitting him to retain the counsel of his choosing as well as monetary damages of $50,000.  *Id.*

An attachment to the complaint further clarifies that the Public Defender's Office was representing Plaintiff at one time.  Doc. 1, p. 10.  After learning of a conflict which precluded representation of Plaintiff, a letter was sent from Defendant Nancy Daniels to Plaintiff advising that a private attorney would be assigned to represent Plaintiff.  *Id.*  The letter stated that the Court Administrator's Office would be assigning the new attorney for Plaintiff.  *Id.*  It appears that Defendant Lilja Dandelake was assigned to represent Plaintiff.  *Id.*, at 25.  Plaintiff filed a complaint against Defendant Dandelake with the Florida Bar complaining that she did not send him a "letter of introduction" and ignored Plaintiff's "communications to her and her office."  *Id.*, at 29.  It is not clear why Plaintiff is dissatisfied with Defendant Watkins.

At any rate, this case cannot proceed because it appears that Plaintiff is still facing criminal charges in state court.  In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), the United States Supreme Court held that a civil rights action under § 1983 that necessarily calls into question the validity of a conviction or sentence could not accrue until the plaintiff could demonstrate that the conviction or sentence had been reversed, expunged, or otherwise declared invalid.  Heck, at 487, 114 S.Ct. at 2372.  This has been referred to as the "favorable termination" requirement.  *See* Uboh v. Reno, 141 F.3d 1000, 1004-06 (11th Cir. 1998).  However,

Plaintiff in this case cannot demonstrate the favorable termination requirement because Plaintiff is currently facing criminal charges.  The rule of Heck v. Humphrey "applies not only to convicted persons but also to plaintiffs . . . who as yet only face prosecution." Wiley v. City of Chicago, 361 F.3d 994, 996 (7th Cir. 2004), *citing* Gonzalez v. Entress, 133 F.3d 551, 553 (7th Cir. 1998).  In other words, where charges are outstanding against a plaintiff and his constitutional claims would necessarily imply the invalidity of a potential conviction, the action would be barred under Heck.  *See* Washington v. Summerville, 127 F.3d 552, 556 (7th Cir. 1997), *cert. denied* 523 U.S. 1073 (1998).

Relying on Smith v. Holtz, 87 F.3d 108 (3d Cir.), *cert. denied* 519 U.S. 1041 (1996)(holding "that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983."), the Seventh Circuit concluded that if successful claims "would necessarily imply the invalidity of a potential conviction," then the claims do not accrue until the charges are resolved favorably to the plaintiff.  Washington, 127 F.3d at 556.[1]  Thus, Heck also prevents § 1983 claims that necessarily imply the invalidity of potential convictions.  Hamilton v.

---

[1]  In Smith v. Holtz, *supra*, the court reasoned that "many of the concerns noted in Heck apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending charge."  87 F.3d at 113, *explained in* Washintgon, 127 F.3d at 556.

> If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.  In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

Smith, 87 F.3d at 113 (emphasis in original).

Lyons, 74 F.3d 99, 103 (5th Cir. 1996).  Here, a claim that Plaintiff is being denied his
Sixth Amendment right to counsel would undermine the validity of any future conviction.

Moreover, representation by public defenders or retained attorneys of persons
accused of criminal offenses is not "state action" and, thus, does not give rise to liability
pursuant to § 1983.  Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v.
Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th
Cir. 1985).  Because Plaintiff cannot state a claim against either Defendants Daniels or
Dandelake since they are not state actors, the case should be dismissed as frivolous.

Finally, even if Defendant Watkins could be considered a "state actor" for
purposes of § 1983, any involvement by this Defendant appears limited to the
assignment of counsel to represent Plaintiff.  Such a decision fails to state a claim under
the Sixth Amendment and any dissatisfaction with that decision should be present to the
presiding state court judge in Plaintiff's criminal case.  Moreover, as noted above,
Plaintiff fails to present any factual allegations showing this Defendant has violated
Plaintiff's constitutional rights.

As an additional basis for dismissal, it is noted that as relief in this case, Plaintiff
seeks an order which would direct a Florida state court to allow Plaintiff to retain the
counsel of his choosing.[2]  Such an order would interfere with the state court's ability to
control its docket and address its own affairs.  This Court is not permitted to order a
state court to take actions in an on-going criminal prosecution.  Basic considerations of

---

[2] As an additional note of clarification, a criminal defendant is generally permitted
to retain the counsel of his choosing.  However, it appears that Plaintiff is unable to
afford counsel and, thus, is not seeking to retain counsel.  Plaintiff simply wants the
state court to appoint a different attorney to represent him.

federalism and comity guard against federal interference with pending state criminal proceedings.  <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). This case must be dismissed.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and because it is barred by <u>Heck v. Humphrey</u>, and the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 7, 2006.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**